UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW JAMES WALTERS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-172-HAB-SLC |
| NEW HAVEN CITY OF, et al., | |
| Defendants. | |

OPINION AND ORDER

Andrew James Walters, a prisoner without a lawyer, filed a complaint against the City of New Haven, New Haven Police Department Officer Jacob Niese #135N, New Haven Police Department Officer Tim Schweitzer #336N, and New Haven Police Department Officer Heath Barnes #128N. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Walters alleges that, on December 8, 2021, he was sitting in the passenger seat of a parked car when multiple New Haven Police Department units surrounded the vehicle. Officer Health Barnes approached Walters and asked why he was there and requested his identification. While Walters was waiting for his identification to be

returned, Officer Jacob Niese approached Walters. Officer Niese also asked Walters what he was doing and ordered Walters to exit the vehicle. He asked Waters about weapons and frisked him. He then ordered him to stay there. Officer Barnes returned to his vehicle with Walter's identification. Officer Barnes falsely accused Walters of being the cause of a call they were responding to, but Walters asserts that the vehicle he was sitting in had not been reported.

Probable cause was not necessary for officers to approach Walter's vehicle or ask him a few questions. *Long v. United States*, 847 F.3d 916, 921 (7th Cir. 2017) ("Because a 'seizure does not occur simply because a police officer approaches an individual and asks a few questions,' this encounter did not implicate the Fourth Amendment."); *Woods v. Vill. of Bellwood*, 502 F. Supp. 3d 1297, 1307 (N.D. Ill. 2020) ("The police are allowed to check on incapacitated people in vehicles in public places without running afoul of the Constitution."). Therefore, Walters may not proceed on his claim that officers were unjustified in initiating their encounter with him on December 8, 2021.

Walters was arrested, but he did not receive a Miranda warning. The failure to receive *Miranda* warnings does not provide a basis to sue under § 1983. *See Vega v. Tekoh*, 597 U.S. 134 (2022); *Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987). Furthermore, the Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." It allows an individual to refuse to testify against himself in a criminal trial and answer official questions if doing so would incriminate himself. *Vega,* 597 U.S. at 141. Walters, however, does not allege that he

made any incriminating statement that was later used against him. Therefore, he has not alleged a violation of the Fifth Amendment.[1]

Walters further alleges that Officer Tim Schweitzer illegally searched the vehicle by opening the closed driver's side front door and searching while questioning Walters. Officer Barnes told Walters he could return to the car. A moment later, Officer Niese ordered him to exit the car because he didn't want him around a knife that was in the car. Approximately fifteen minutes after the encounter began, Walter was locked into the cage area of Officer Schweitzer's vehicle. He was accused of harboring a fugitive. He asserts there was no probable cause to arrest him or search his vehicle. Walters further alleges that Officer Niese submitted false or misleading information in his affidavit for probable cause. Additionally, he alleges that Officer Niese and Officer Barnes gave false testimony at a suppression hearing on February 24, 2023.

The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects individuals from an arrest without probable cause. *Dollard v. Whisenand*, 946 F.3d 342, 353–54 (7th Cir. 2019). "Probable cause exists to arrest a suspect if at the time of arrest the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy

---

[1] Walters also asserts that he did not receive a warning pursuant to *Pirtle v. State*, 323 N.E.2d 634, 640 (1975). In Indiana, "a person in police custody is entitled to the presence and advice of counsel prior to consenting to a search, and that the right, if waived, must be explicitly waived." *M.D. v. State*, 108 N.E.3d 301, 305 (Ind. 2018), *as amended* (Feb. 5, 2024). Walters, however, does not indicate that he consented to the search of his vehicle.

information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* at 354 (citation omitted).

Here, it is unclear if the officers had probable cause to arrest Walters because he has not included any details regarding the report that the officers were responding to. Furthermore, it appears that Walters was criminally charged, but he does not indicate what the charges were or if he was found guilty. If Walters has been found guilty of an offense and the finding of guilt is inconsistent with his allegations in this case, then this action is premature. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Thus, a claim for false arrest cannot be brought while the criminal proceedings for the allegedly false arrest are ongoing, and instead accrues only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough*, 139 S. Ct. at 2158.

Walton has also sued the City of New Haven. A municipality may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Here, the complaint does not allege facts from

4

which it can be plausibly inferred that any constitutional violation occurred because of a municipal policy, custom, or practice. Therefore, Walters cannot proceed against the City of New Haven.

This complaint does not state a claim for which relief can be granted. Walters needs to provide additional information about the reports the officers were responding to, the criminal charges brought against him, and the status of those charges before this court can determine if he should be granted leave to proceed. If Walters believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Andrew James Walters until **March 25, 2024**, to file an amended complaint; and

(2) CAUTIONS Andrew James Walters if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

5

SO ORDERED on February 28, 2024.

                                                s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT